# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**FANNIE MAE,**

                **Plaintiff,**

v.                                                                1:06-cv-2980-WSD

**SOUTHERN TRACE APARTMENTS, INC., J. SHARP GILLESPY, and MEHRDAD MOSHTAGH,**

                **Defendants**

## OPINION AND ORDER

This matter is before the Court on Defendants Southern Trace Apartments, Inc. ("Southern Trace"), Mehrdad Moshtagh, and J. Sharp Gillespy's Motion to Consolidate. (Mot. to Consolidate [30].)

## I.  BACKGROUND

This case involves two complaints for deficiency judgment and suit on guaranty brought by Plaintiff Fannie Mae–one against Defendants Southern Trace, Moshtagh and Gillespy in this action, and a second action against Colony Square Apartments, Inc. ("Colony Square"), Moshtagh, and Gillespy in a case before Judge Timothy C. Batten.

Plaintiff alleges that on or around April 28, 1999, Defendant Southern Trace took out a loan for $4,720,000 from WMF Washington Mortgage Corporation ("WMF"). On the same day, Colony Square also took out a loan with WMF for $3,440,000. In connection with the loans, both Southern Trace and Colony Square executed Multifamily Notes ("Note") in favor of WMF. As security for its Note, Southern Trace executed a Multifamily Deed ("Security Deed") conveying an apartment property known as Southern Trace Apartments to WMF. Colony Square also executed a Security Deed conveying an apartment property known as Colony Square Apartments to WMF. Except for the amount of the loan and the individual properties at issue, the substance of both Notes is identical, as is the substance of the Security Deeds.

WMF subsequently transferred and assigned both Notes and Security Deeds to Plaintiff. On November 29, 1999, Southern Trace and Colony Square assumed their respective Notes and Security Deeds pursuant to an Assumption and Release Agreement ("Assumption"). In both Assumptions, Defendants Gillespy and Moshtagh agreed to assume all the obligations of a Key Principal.

Plaintiff alleges that Southern Trace and Colony Square defaulted on the Notes and Security Deeds because they: 1) failed to make payments when due, 2)

committed material waste and allowed the properties to deteriorate, 3) failed to pay certain utility bills required by the Security Deeds, and 4) allowed a lien and encumbrance against the properties which constituted a "Transfer" of the properties in violation of the Security Deeds.

Because of the alleged defaults, Plaintiff declared that Southern Trace and Colony Square were required to immediately pay the full amount of indebtedness due under the loans. Defendants and Colony Square did not pay, and on April 4, 2006, both properties were offered for sale at auction. Both properties sold for less than the amount needed to pay off the secured debt under each loan.

On December 6, 2006, Plaintiff filed this action against Southern Trace, Gillespy, and Moshtagh ("the Southern Trace Action"). On the same day, Plaintiff also filed an action against Colony Square, Gillespy, and Moshtagh, which was assigned to Judge Batten ("the Colony Square Action").[1] In both actions, Plaintiff claims that pursuant to the Notes, Defendants are personally liable for the repayment of the debt in the event of a Transfer qualifying as an "Event of Default" as defined in the Security Deed. Plaintiff alleges that the outstanding utility bills owed by Defendants constitute such a "Transfer." Plaintiff alleges that

---

[1] The case was given the civil action number 1:06-cv-2981.

because Defendants did not cure their Transfer defaults, they are personally liable to Plaintiff for the deficiency following foreclosure of the properties.

## II. DISCUSSION

Defendants ask the Court to consolidate this action with the Colony Square Action. A district court has broad discretionary authority under Federal Rule of Civil Procedure 42(a) to consolidate cases. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (stating that a "district court's decision under Rule 42(a) is purely discretionary"); see also In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006, 1014 (5th Cir. 1997) (stating that a "trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'"). Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).  Consolidating actions where appropriate can help avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial.  In re Air Crash Disaster, 549 F.2d at 1014.  In deciding whether to exercise its discretion to consolidate, the Court should consider "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned."  Hendrix, 776 F.2d at 1495.  These factors weigh in favor of consolidation in this case.

     Although the Southern Trace Action and the Colony Square Action involve loans for different amounts and for different properties, they involve the same loan and security documents, the same Plaintiff, and two of the same defendants.  In both cases, the language and terms of the loan documents are identical.  The central issue in both suits is whether charges for unpaid utility bills constitute a "Transfer" under the terms of the loan documents such that Defendants are personally liable to pay the indebtedness remaining on the loans following the foreclosure sales.

     Plaintiff argues the cases should not be consolidated because they involve different corporate defendants and two separate loan transactions secured by

different properties with different events of default. (Opp. to Mot. to Consolidate, at 2.) In both cases, however, Plaintiff alleges the same type of default, sent notices of default, acceleration and foreclosure on the same dates, and foreclosed on both properties on the same date. The plaintiff is the same in both actions, two of the three defendants are the same, and all are represented by the same counsel. Most importantly, Plaintiff seeks damages under a common theory–that Defendants are liable as a result of unpaid utility bills pursuant to identical Notes and Security Deeds. The Court finds it is in the interests of judicial economy and conservation of resources to consolidate the Southern Trace Action and the Colony Square Action.

### III. CONCLUSION

Accordingly,

Defendants Motion to Consolidate [30] is **GRANTED**.

The Clerk is **DIRECTED** to **CONSOLIDATE** Civil Action Nos. 1:06-cv-2980-WSD and 1:06-cv-2981-TCB.  The Clerk is further **DIRECTED** to **ADMINISTRATIVELY CLOSE** Civil Action No. 1:06-cv-2981-TCB.  All future pleadings shall be filed in Civil Action No. 1:06-cv-2980-WSD.

**SO ORDERED** this 27th day of July, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE